246 S.W.2d 525 (1952)
WINES
v.
GOODYEAR TIRE & RUBBER CO., Inc., et al.
No. 28237.
St. Louis Court of Appeals, Missouri.
February 19, 1952.
*526 Moser, Marsalek, Carpenter, Cleary & Carter, Parks G. Carpenter, Robert G. McClintock, St. Louis, for appellants.
Fred B. Whalen, Warren Grauel, St. Louis, for respondent.
HOUSER, Commissioner.
This is a suit for property damages arising out of an automobile collision. L. G. Wines sued Goodyear Tire & Rubber Co., Inc. and its employee Henri E. Renard, charging a violation of a city ordinance requiring that left turns be made from the inside lane of traffic or as near the center line of the street as possible. Defendants appeal from a judgment obtained against them in the sum of $152.83, claiming error in overruling the motions of both defendants for a directed verdict on the ground that plaintiff's evidence shows conclusively that plaintiff was guilty of contributory negligence as a matter of law; in overruling the corporate defendant's motion for a directed verdict on the ground that agency was not established; and in the giving of plaintiff's Instructions 1 and 2.
The collision occurred on January 27, 1948 at approximately 11:30 o'clock p. m. at the intersection of Chippewa Boulevard and Lansdowne Avenue in the City of St. Louis. At that time the streets were covered with ice in spots and there was considerable snow on the streets. At that place Chippewa Boulevard is a six-lane east and west trafficway. Four of the lanes are "traveling lanes" and two are "parking lanes". Each lane is 12 feet in width. Lansdowne runs north and south.
Plaintiff's evidence showed that he, accompanied by his wife, was driving east on Chippewa Boulevard at a speed of 10 to 15 miles per hour. Prather Street runs north and south and intersects Chippewa Boulevard 2 blocks west of the place of collision. When plaintiff's automobile was 15 feet west of the intersection of Chippewa Boulevard and Prather Street the automobile driven by Renard turned to its right into Chippewa Boulevard from Prather Street and headed east in front of plaintiff's car. Plaintiff had been traveling in the middle of the 3 eastbound lanes. After coming into Chippewa Boulevard the automobile driven by Renard proceeded east in the middle lane. Plaintiff's car, *527 then 10 feet from the rear of defendants' car, moved to plaintiff's left, until the wheels of plaintiff's car straddled the line between the left-hand lane and the middle lane of the 3 eastbound traffic lanes. Plaintiff's car was then traveling about 8 feet from the center line of Chippewa Boulevard. Thereupon defendants' automobile "pulled over into the curb lane""straightened up"and continued to operate in the curb lane at a distance of about 4 feet from the curb"almost entirely in the curb lane"for approximately a half block. From Prather Street to Lansdowne Avenue, where the collision occurred, the two vehicles maintained the same speeds and the distance between them did not change. As plaintiff's automobile approached the Lansdowne intersection with Chippewa Boulevard, and while plaintiff's car was about "12 or 13 feet""10 or 15 feet behind" defendants' car, and to the left of defendants' car, Renard "comes out, almost in the intersection of Lansdowne and he swerved from the curb across in front of the path of my (plaintiff's) car," without giving any signal before making the turn"he just made a sweeping turn in front of the automobile." Plaintiff termed it a "sudden" turn"his car swerved in front of mine"plaintiff's car was "roughly 10 or 12 feet" from defendants' car when Renard made his left turn. When Renard turned plaintiff "tried to swerve to the left", sounded his horn, and applied his brakes, all at the same time "as near as possible" in order to "miss hitting him." Defendants' car kept coming. Plaintiff's car was sliding in a northeasterly direction on the ice at an angle. Plaintiff "tried to cut the wheels over gradually" to make a partial turn, but was only partially successful, being prevented from turning it further because of the ice on the street. There was a collision "right at the intersection" with the left front wheel of plaintiff's car on the center line of Chippewa Boulevard and the front of defendants' car slightly north of the said center line. Plaintiff's car was still sliding, and both cars were facing northeast, at the time of the collision. The right front fender and grill of plaintiff's car came in contact with the left rear bumper or corner of defendants' automobile. Plaintiff testified that under the conditions existing at the time the shortest distance in which he could have stopped was "about 35 feet". The rear window of defendants' car was covered with frost so as to obstruct visibility through the window.
Contributory negligence as a matter of law?
Appellants claim that the trial court erred in not directing a verdict for them on the ground that plaintiff, by his own evidence, convicted himself of contributory negligence as a matter of law. The contention is that instead of driving his automobile as near the right-hand side of the street as practicable as required by RS Mo1949, § 304.020, V.A.M.S., paragraph (2) (in the right-hand or south lane of the three eastbound traffic lanes) plaintiff drove in the left or north lane of the three eastbound lanes; that in so doing plaintiff was guilty of negligence per se; that had plaintiff maintained his proper position behind defendants' automobile in the southernmost (right-hand) lane the accident never could have happened, so that plaintiff's failure to comply with the statute is the proximate cause of the accident. In support of this argument appellants cite Melber v. Yourtee, Mo.Sup., 203 S.W.2d 727, loc. cit. 730; Yerger v. Smith, 338 Mo. 140, 89 S.W.2d 66; Beck v. Wurst Coal & Hauling Co., Mo.App., 293 S.W. 449; Benoist v. Driveaway Co. of Missouri, Mo.App., 122 S.W. 2d 86; Felts v. Spesia, Mo.App., 61 S.W. 2d 402; Myers v. Nissenbaum, Mo.App., 6 S.W.2d 993, and Rader v. David, Mo. App. 207 S.W.2d 519, loc. cit. 523.
Respondent, contending that it is for the jury to determine the issue whether plaintiff was operating his car as close as practicable to the right curb and whether, if there was a violation of the statute, such violation was the proximate cause of the collision, cites Stack v. General Baking Co., 283 Mo. 396, 223 S.W. 89; Burris v. Kansas City Public Service Co., Mo.App., 226 S.W.2d 743; Smith v. Weilbacher Truck Service Co., Mo.App., 35 S.W.2d 996; Roland v. Anderson, Mo.App., *528 282 S.W. 752; Willis v. Applebaum, Mo. App., 26 S.W.2d 823; Benoist v. Driveaway Co. of Missouri, supra; Plater v. W. C. Mullins Const. Co., 223 Mo.App. 650, 17 S.W.2d 658; Smart v. Raymond, Mo.App., 142 S.W.2d 100, and Hamilton v. Patton Creamery Co., 359 Mo. 526, 222 S.W.2d 713.
While the provisions of RSMo 1949, § 304.020(2), V.A.M.S., apply to vehicles operating on multi-lane highways or streets, and failure to comply with this section constitutes negligence per se, Melber v. Yourtee, supra, and cases cited, these rules of the road are not to be applied rigidly, absolutely and peremptorily without regard to circumstances or conditions. Nor are they to be given a literal construction which will result in an absurdity. Stack v. General Baking Co., supra. A showing that the driver of a motor vehicle operating in a multi-lane trafficway collides with another while he is traveling in some lane other than the right-hand lane does not necessarily end the inquiry, take the case from the jury, and require the trial judge to direct a verdict against him. "Instead, all of the circumstances of the case, including the condition of the street and its relative freedom from other vehicles or its more or less crowded condition, must be considered in determining the position upon the street which the vehicle must occupy in order that the person driving it shall be free from negligence; * * *." Bour, C., in Burris v. Kansas City Public Service Co., supra [226 S.W. 2d 750]. Ordinarily failure to keep as close to the right-hand side of the highway as practicable would be negligence. Willhite v. City of St. Louis, 359 Mo. 933, 224 S.W.2d 956. There may be exceptional circumstances, however, in which the peremptory command of the statutory rule of the road may be required to yield to other considerations. For instance, at least under emergency circumstances "a motorist meeting another automobile may turn to the left." Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 545 and cases cited; Filkins v. Snavely, 359 Mo. 356, 221 S.W.2d 736. And in Willhite v. City of St. Louis, supra, the court recognized that there are circumstances when it may become a jury question whether it is negligence for one vehicle to pass another on the right. In the Willhite case the court said, 224 S.W.2d loc. cit. 958: "The rules of the road, established by the statute, must be given a reasonable construction and be reasonably applied to unusual or emergency circumstances." In McGuire v. Steel Transp. Co., 359 Mo. 1179, 225 S.W.2d 699, 702, the court said: "These rules of the road do not confer absolute rights, but impose reciprocal duties which may be qualified by the circumstances."
Ordinarily it is a jury question whether the driver of a vehicle has violated a statutory rule of the road and whether the violation was causally connected with the casualty. Only in those cases in which the minds of reasonable men cannot differ on the question should the trial judge direct a verdict on the ground that the driver of the vehicle is guilty of negligence as a matter of law. This is not such a case, for here are unusual circumstances which in the minds of reasonable men might result in a finding that there was no violation of the statute or that the violation was not the proximate cause of collision. The streets were icy. There was considerable snow. The weather conditions were such that the inside rear window of the Goodyear car was frosted. The streets were in such condition that when plaintiff was confronted with the emergent necessity of trying to avoid a collision with defendants' car he was unable to do so, and slid on the icy street into that car, notwithstanding that he was traveling only 10 to 15 miles per hour and that he immediately applied the brakes and swerved his car. It was late at night. There was no evidence of other traffic on the street at the time (a fact regarded by the court as significant in Plater v. W. C. Mullins Const. Co., supra, wherein the court refused to declare plaintiff guilty of contributory negligence as a matter of law in driving his automobile into a pile of rock lying in the center of the street under circumstances where 11 feet of the right-hand side of the street were *529 not obstructedwhere there could have been no collision had plaintiff driven as close to the right-hand curb as practicable). Under the weather and traffic conditions shown in the case at bar the jury reasonably might have found that plaintiff, by driving in a different lane from that in which defendants' car was moving, exercised a higher degree of care than if he had followed defendants' car in the same lane; that there would be less danger of collision under the circumstances; that plaintiff was as close to the right-hand side of Chippewa Boulevard as "practicable", considering the particular situation.
Obviously plaintiff had a better view of conditions ahead when not following immediately behind defendants' car. Under the circumstances it was for the jury to say whether, in moving to the left to avoid following behind defendants' car and in close proximity thereto plaintiff was exercising the highest degree of care and traveling as near to the right-hand curb as practicable. Since the defendant Renard could not see through the rear window because of the frost, and in view of the fact that such a change from one lane to another would enable the plaintiff to have a better forward view, unobstructed by the automobile of defendants, it is possible that such a movement might be regarded by reasonable men as a practical compliance with the statute, particularly in view of the icy condition of the street and the danger of sliding into Renard in case he was obliged to make a sudden stop.
We cannot say, as a matter of law, that such a conclusion would be so untenable that reasonable minds could not differ on the matter.
We do not find the cases cited by appellants to be controlling. Several of them announce the well settled principle that violation of the statutory rules of the road constitutes negligence per se, but in only one of the seven cases cited, Rader v. David, was the plaintiff declared guilty of contributory negligence as a matter of law. In that case plaintiff, while violating the statutory rules of the road, was guilty of such reckless and careless conduct that the minds of reasonable men could hardly differ on the conclusion of contributory negligence. Plaintiff, occupying the center lane of a highway, slowed down, intending to make a right turn, then turned directly into the side of a tractor-trailer unit which was passing plaintiff on plaintiff's right-hand side. Plaintiff made her right-hand turn after 26 feet of the tractor-trailer had passed her and when only 8 to 12 feet of the trailer remained to pass. In none of the cases cited were there conditions such as appear in the case at bar which would serve to excuse strict and literal compliance with the statute and permit the "reasonable construction" and application of the statute referred to in the case of Willhite v. City of St. Louis, supra. We rule this point against appellants.
Agency?
Goodyear Tire & Rubber Co., Inc. claims that there was no evidence that would render it liable for the acts of Renard under the doctrine of respondeat superior; that a master is not liable for the tort of his servant merely because such tort was committed in the use of an automobile furnished by the master; that Renard undeniably was on a pleasure trip for his own enjoyment, had transacted no business on behalf of the company and the trip during which the collision occurred had no relation to Renard's services as an employee of Goodyear. Plaintiff claims that at the time of the collision the employee was acting in furtherance and in the interest of his employer's business. Plaintiff claims that "if the defendant employee makes a slight deviation by making a social visit and then proceeds to the station, secures gasoline for (a business) trip and while enroute home the collision occurs, * * * defendant employee has re-entered the scope of his employment * * *"; that "the deviation resulting from the social visit ended when defendant employee secured gasoline at the station and was then enroute to his home."
The evidence, however, does not bear out plaintiff's theory of deviation. The evidence shows that Renard was a promotional advertiser, a salesman, for Goodyear; *530 that the automobile was owned by the company and placed at his disposal at all times. It was customarily garaged at Renard's home and Renard did not have to account for its use. The company paid him for the gasoline used by the car. His employment required him to use the car in business trips for the company outside St. Louis. On the date of the collision Renard spent the evening at the home of a friend, enjoying a social visit"just a friendly visit." After leaving his friend's house he went to a filling station and "gassed up" the automobile. His intention was to make a business trip for his employer the following day and the purpose of "gassing up" the car was to prepare to make that trip. The accident occurred at 11:30 o'clock p. m. just after he had "gassed up" the car and while enroute from the filling station to his home.
Generally, the owner of a motor vehicle is not legally responsible for the negligent acts of his employee in its operation when at the time of the infliction of injury the employee is using the vehicle solely for an independent purpose of his own. Vert v. Metropolitan Life Ins. Co., 342 Mo. 629, 117 S.W.2d 252, 116 A.L.R. 1381; Acker v. Koopman, Mo.Sup., 50 S.W. 2d 100; 60 C.J.S., Motor Vehicles, § 437c, p. 1098. And this rule applies to the entire trip, going away from and returning to the place where the employer's vehicle is regularly kept, unless the employer's business is also served on such occasion, Kaufman v. Baden Ice Cream Mfrs., Mo. App., 7 S.W.2d 298, but it is not sufficient to impose liability on the master and owner of the vehicle "that the driver as incidental to his main purpose in using the vehicle for his own convenience may have in mind some purpose of the owner." 60 C.J.S., Motor Vehicles, § 437, p. 1101. This is in accord with the rule stated in 2 Mechem, Agency, p. 1471, that "The mere fact that the master's business is to be remotely promoted by the use, is not enough to make the master liable." Schoenherr v. Hartfield, 172 App.Div. 294, 158 N.Y.S. 388; Temple v. Stafford, 227 N.C. 630, 43 S.E.2d 845.
In the case at bar the trip was not made in the employer's business. The procuring of the gasoline in order to condition the car for use in the employer's business the next day was not the inducing factor in the making of the trip, but was merely casual and incidental to a purely personal pleasure trip of Renard. It was not the employer's trip. Renard was not "about his master's business at the time of the accident." Montana v. Nenert, Mo.App., 226 S.W.2d 394, loc. cit. 400; Sowers v. Howard, 346 Mo. 10, 139 S.W.2d 897, and cases cited loc. cit. 904.
The cases of Steinmetz v. Saathoff, Mo. App., 84 S.W.2d 437, and Burgess v. Garvin, 219 Mo.App. 162, 272 S.W. 108, cited by plaintiff, are not controlling here for the reason that in both of them the object of the trip was to condition the automobile for use in the employer's business. In the first case the employee had taken the car to a garage in a nearby town for needed repairs, which had been made, and the car was on the return trip when the accident occurred. In the latter case the purpose of the trip during which the casualty occurred was to have a tire repaired. In neither of these cases was there any affirmative evidence that the employee was merely on business of his own and that the benefit to the employer was purely incidental. In them the advancement of the interests of the employer was the primary object of the trip. They are not in point.
The motion of the corporate defendant for a directed verdict should have been sustained for failure to establish agency.
In view of this fact we need not consider the claim that Instruction No. 2 relating to agency is erroneous.
Instruction No. 1?
This instruction is assailed on the ground that it failed to hypothesize sufficient evidentiary facts upon which a jury could convict Renard of negligence under the doctrine announced in Green v. Guynes, 361 Mo. 606, 235 S.W.2d 298. Instruction No. 1 follows:
"The Court instructs the jury that it is the law of Missouri that the operator of an automobile make a left turn as near the center of the street as practicable.
*531 "The jury is therefore instructed that if you find and believe from the evidence that on the date mentioned in evidence defendant, while driving eastwardly on Chippewa Boulevard, started to turn or swerve his automobile to make a left turn into Lansdowne Avenue from a lane not as close as practicable to the center of Chippewa and thereby directly and proximately caused the collision and damage to plaintiff's said automobile, if any, if you so find the facts, then and in that event defendant was negligent as that term is defined in other instructions herein, and your verdict must be for plaintiff and against defendant Renard unless you should further find that at the time of said collision, plaintiff was not in the exercise of the highest degree of care in the operation of his automobile, as that term is defined in other instructions herein."
The giving of this instruction was not error. In order to determine whether Renard violated the city ordinance the jury first of all had to determine whether he was turning left into Lansdowne Avenue at the time of the collision. Plaintiff and his wife so testified. Renard on the contrary testified that at the time of the collision he was traveling at a point 150 feet west of Lansdowne Avenue; that he was not turning, but was preparing to make a turn, when he was hit from the rear by plaintiff's automobile. If the jury accepted the plaintiff's evidence on this point it next had to determine from what lane Renard started his turn. Plaintiff and his wife testified that he started his turn from the right hand of the three eastbound lanes. Renard testified that he was traveling in the left hand of the three eastbound lanes when he was hit. If the jury accepted plaintiff's evidence in this regard (and it is apparent that it did accept it) it thereupon had to decide whether the right hand of the three eastbound lanes was "as close as practicable to the center of Chippewa." It was not necessary for the court to draw a detailed fact picture in order to enable the jury to determine this point. A sufficient standard was incorporated in the instruction and no further aid to the jury was required. The words "as near as practicable" or "as close as practicable" do not require definition or factual delineation because they are terms "that no layman would misunderstand." Scott v. Kansas City Public Service Co., Mo.App., 115 S.W.2d 518, 525. This point is ruled for respondent.
Plaintiff failed to make a case against the defendant Goodyear Tire & Rubber Co., Inc. on the question of agency. There is nothing to show that the facts with respect to agency were not fully developed or that different or additional proof is available to plaintiff to establish agency. As a matter of law recovery may not be had against the corporate defendant under the facts in this case. There is, therefore, no occasion for remand. In this situation, the trial court having erred in overruling the corporate defendant's motion for a directed verdict, and no error having occurred insofar as the defendant Renard is concerned, the judgment should be affirmed as to appellant Renard and reversed as to appellant Goodyear Tire & Rubber Co., Inc. State v. Bland, 355 Mo. 706, 197 S.W.2d 669, 168 A.L.R. 929. The Commissioner so recommends.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, affirmed as to appellant Renard and reversed as to appellant Goodyear Tire & Rubber Co., Inc.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.