Donald C. MARSH, Respondent-Plaintiff,

v.

Charles Lee HEERLEIN, by his Guardian ad litem, Philoema Heerlein, Appellant-Defendant.

No. 45528.

Supreme Court of Missouri,
Division No. 1.

March 11, 1957.

————◆————

Culver, Phillip, Kaufman & Smith, by W. J. Sherwood, W. H. Utz, Jr., St. Joseph, for appellant-defendant.

Robert I. Adelman, Kansas City, for respondent-plaintiff.

VAN OSDOL, Commissioner.

Defendant, Charles Lee Heerlein, has appealed from a judgment upon verdict for plaintiff for $10,000 for personal injuries sustained when the 1942 Plymouth 2-door sedan driven southwardly by plaintiff, Donald C. Marsh, and the KB5 International truck with grain bed mounted thereon driven northwardly by defendant collided on U. S. Highway No. 169 at a point a few hundred feet north of the junction of that highway and County Highway E in northwestern DeKalb County.

The collision occurred at approximately twelve-fifteen in the morning of June 7, 1953. On that date, Section 304.020(2) RSMo 1949, V.A.M.S., was in effect. Section 304.020 RSMo 1949 was repealed, and a new Section 304.020 was enacted in lieu thereof, which was approved June 17, 1953, and became effective ninety days after May 31, 1953. L.1953, p. 587; however, the new Section 304.020 was renumbered as 304.014–304.019, 304.021–304.026, 1953 Supp. RSMo 1949, V.A.M.S. Each of the parties, plaintiff and defendant, has the theory that the other was violating the former and now repealed Section 304.020(2), supra, in failing to drive his automobile as close to the right-hand side of the highway as practicable.

Defendant-appellant herein initially contends that plaintiff was contributorily negligent as a matter of law in violating the statute and in driving with his left arm out the car window, and that, consequently, plaintiff's case was not submissible to the jury.

There was evidence tending to show that plaintiff, driving southwardly at 50–55 miles per hour, passed over the crest of a hill and down grade with the left side of the automobile 8–12 inches to the right (west) of the center line of the 22-foot black-top pavement of Highway No. 169. When he saw defendant's truck approaching from the southward, plaintiff reduced the speed of the Plymouth to about forty-five miles per hour. The headlights of defendant's truck indicated to plaintiff that the truck was on its right (east) side of the center line of the pavement. Plaintiff did not realize there was going to be a collision until he saw the left side of the truck bed was 8–10 inches over west of the center line of the pavement. The left clearance light on the truck bed was not burning. Defendant's truck was then very close to the Plymouth. Plaintiff attempted to veer the Plymouth to the right, but the left front corner of the truck bed struck the "front door post" of the Plymouth and continued in "sideswiping" contact with the left side of the Plymouth as the truck passed on northwardly or northeastwardly. Preceding and at the time of the collision, no vehicles other than those of plaintiff and defendant were in the vicinity on the highway. It is conceded that plaintiff was driving with his left arm out of the car window.

There was evidence introduced by defendant tending to show that defendant was driving his truck on the right (east) side of the pavement with its left side 12–18 inches east of the center line of the pavement; and that the Plymouth was moving with its left front wheel two or three inches east of the center line.

■ Although it has been written that violation of Section 304.020(2), supra, is negligence *per se,* Melber v. Yourtee, Mo. Sup., 203 S.W.2d 727, we believe we should not say as a matter of law that in the circumstances of this case plaintiff was violating the statute. The statute did not prescribe the precise proximity to the right-hand side of the highway at which an operation of a vehicle is "as close to the right-hand side of the highway as practicable." In the instant case, as stated, it was the testimony of plaintiff, which in our consideration of the instant contention we accept as true, that the Plymouth was moving to the right of the center line, and, although it would seem that his automobile could have been operated farther over to the right, no other vehicle except defendant's was in the vicinity. The movement was at nighttime and plaintiff was unfamiliar with the right-hand margin of the highway. The lights of defendant's truck, according to plaintiff's testimony, indicated the truck was on its own right-hand side of the pavement; and the left clearance light of the truck was not burning and the overhang of the truck bed was not to be seen until momentarily before it came into contact with the Plymouth. We believe we should not say as a matter of law that plaintiff was violating the statute in failing to operate his car nearer the extreme right-hand margin of the pavement, in the circumstances of this case. We think it was a jury question whether plaintiff was violating the statute in the circumstances. Wines v. Goodyear Tire & Rubber Co., Mo.App., 246 S.W.2d 525; Burris v. Kansas City Public Service Co., Mo.App., 226 S.W.2d 743.

■ With regard to the contention that plaintiff was guilty of contributory negligence as a matter of law in having his left arm out of the car window—in the absence of evidence more particularly describing the position of plaintiff's left arm, we suppose plaintiff was driving with his left elbow resting on the lower solid-panel portion of the car door and with his elbow to some extent projecting through the opened-window aperture in the upper portion of the door. Here again we note the evidence tending to show the highway was clear of traffic, except for the northward movement of defendant's truck which was according to plaintiff, apparently on its own right-hand side of the pavement; and, as stated, plaintiff's testimony is that he was operating the Plymouth on its (west) side of the pavement. Plaintiff had no reason to apprehend danger of a collision until he could see the truck bed was extending west of the center line of the pavement. This was when the vehicles were close to the point of collision. And here, again, we do not wish to say that, as a matter of law, it is negligence, in circumstances like those which plaintiff's testimony tends to establish as obtaining in this case, for one to have one's arm or elbow protruding from the window of an automobile. It is our opinion that in this case, at best, specific contributory negligence in this respect would have been for the jury. Edwards v. Woods, 342 Mo. 1097, 119 S.W.2d 359; see also the cases in the Annotation, 40 A.L.R. 2d 233, at page 240. Even so, defendant neither pleaded nor tendered the submission of plaintiff's contributory negligence in having his arm protruding from the car window.

In Wininger v. Bennett, Mo.App., 104 S.W.2d 413, cited by defendant-appellant, the facts were different from those supported by plaintiff's evidence in our case. Plaintiff Wininger saw defendants' truck when it was three or four hundred yards away and saw that defendants' truck was on the wrong side of the highway. Plaintiff Wininger knew that if he continued to

drive at a high rate of speed or did not stop or turn, there would be a collision between defendants' truck and plaintiff's automobile from which plaintiff's arm was protruding. It was said that while "it may not be negligent for one to ride with his hand or arm out of the window of a car, under ordinary circumstances, when the road is clear, it is the grossest negligence to do so under circumstances as were detailed by plaintiff" in that case.

We adversely rule the contention that plaintiff was, as a matter of law, guilty of contributory negligence.

It is contended that instructions given by the trial court at plaintiff's request were prejudicially erroneous, particularly plaintiff's verdict-directing Instruction No. 1.

In examining the instruction we observe the hypothesis that plaintiff was driving his automobile "in a southwardly direction along the west, or right hand side of the roadway" on U.S. Highway No. 169. And there were the further hypotheses that defendant's truck was traveling in a northward direction "partially on the west, or defendant's left hand side, of the center of said roadway"; that the vehicles came into violent collision; and that the left clearance light on defendant's truck was not burning. There was the submission that defendant failed "to turn his truck to the right of the center of said roadway so as to pass the automobile which plaintiff was driving, after the defendant saw or by the exercise of due care could have seen said automobile which plaintiff was driving approaching on said roadway, in time to have so turned and passed plaintiff's automobile without interference." The jury was further instructed that if the facts were found to be as hypothesized and submitted defendant was guilty of negligence, and that if it was found that such negligence of defendant "directly caused *or contributed to cause*" the collision and injury, the verdict should be for plaintiff. (Our italics.)

It is argued that the instruction is erroneous and misleading, and prejudicial to defendant, because, by the use of the language "or contributed to cause," the jury was permitted to find for plaintiff, although the jury may have believed plaintiff was contributorily negligent in failing to drive the Plymouth "as near to the right hand side of the highway as is practicable," as submitted in defendant's verdict-directing Instruction No. 5. And it is contended that Instruction No. 1 is erroneous in failing to negative plaintiff's contributory negligence. The latter contention was one of the specific assignments of error stated in defendant's motion for a new trial.

Plaintiff-respondent contends Instruction No. 1 was not erroneous in any respect; and he further contends defendant's new-trial assignment was not sufficient to raise and preserve contended error in including the clause "or contributed to cause" in the instruction, inasmuch as there was no general charge or assignment of error in giving the instruction in defendant's motion for a new trial, and the instruction was attacked with particularity in the motion but with no particular attack on the ground that it included the clause "or contributed to cause."

It is true that if a party in his motion for a new trial attacks an instruction with particularity by specific assignment of error and makes no general assignment of error in giving the instruction, he will be confined, upon appeal, to the specific objections stated or assigned in his motion. Block v. Rackers, Mo.Sup., 256 S.W.2d 760; § 512.160(1) RSMo 1949, V.A.M.S.; Supreme Court Rule 3.23, 42 V.A.M.S.

It is also true that a principle has been stated that if a plaintiff's instruction authorizing a verdict for plaintiff submits the elements essential to plaintiff's recovery, and defendant's instructions authorizing a verdict for defendant submit the defenses pleaded, the plaintiff's instruction cannot be condemned as erroneous in

not submitting those defenses. Otherwise stated, if the instructions given, taken as a whole, properly submit the issue of contributory negligence, the failure of plaintiff to negative contributory negligence in his verdict-directing instruction is not reversible error. Lansford v. Southwest Lime Co., Mo.Sup., 266 S.W.2d 564; Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W. 2d 1015; Edwards v. Woods, supra; Bergamo v. Engelhardt, Mo.App., 262 S.W.2d 307.

■ At this point in examining the contention that the use of the clause "or contributed to cause" in the Instruction No. 1 rendered the instruction prejudicially erroneous, we remark that no causal conduct of any third party entered into the circumstances of the collision shown in evidence in our case. Nor was there a submission or evidence supporting a submission of any cause of the collision other than the evidence tending to show the causal negligence of defendant and plaintiff. Hence, the only cause which could have "contributed" to cause the collision or injury, other than the negligence of defendant, was *plaintiff's* negligence; and, consequently, the inclusion of the clause "or contributed to cause" rendered the Instruction No. 1 erroneous, misleading, and in direct conflict with defendant's Instruction No. 5, which latter instruction, as stated, submitted plaintiff's contributory negligence. Moon v. St. Louis Transit Co., 247 Mo. 227, 152 S.W. 303; Krehmeyer v. St. Louis Transit Co., 220 Mo. 639, 120 S.W. 78; Hof v. St. Louis Transit Co., 213 Mo. 445, 111 S.W. 1166. (Nothing herein said should be construed to mean that the instruction would have been correct in the use of the clause "or contributed to cause," in this primary negligence case, even though there had been substantial evidence tending to show that the negligence of a third party concurred with defendant's negligence in causing plaintiff's injury, save and except if the instruction had limited the submitted contributing or concurring cause to the negligence of such third party.)

Notwithstanding the fact that the negligence of none other than plaintiff and defendant could have "contributed to cause" the collision, plaintiff-appellant contends there were other "outside" causes shown in evidence which the jury could have considered as "contributing" to cause the collision and injury. It is urged the evidence shows that plaintiff was unfamiliar with the highway, and that the collision occurred in the darkness of night. These facts are suggested and argued as reasonably supporting a finding of causes which contributed to the collision and injury and as justifying the inclusion of the clause "or contributed to cause" in the instruction. We cannot follow this contention. The facts suggested by plaintiff-respondent were not causal in a legal sense. Such "facts" were but facts, circumstances or conditions which were to be taken into account (together with other facts, circumstances and conditions shown in evidence) in determining the issues of negligence. Moon v. St. Louis Transit Co., supra.

■ Now, although defendant's assignment in his motion for a new trial (specifically that plaintiff's verdict-directing Instruction No. 1 was erroneous in that it "did not negative the defense of contributory negligence on the part of plaintiff") did not expressly direct the trial court's attention to the clause "or contributed to cause," the assignment in our opinion should be considered sufficiently comprehensive to alert the trial court to the contention and to preserve for review the contention that the defense of contributory negligence was not properly submitted.

Other contentions of errors in Instruction No. 1, and in other instructions given in plaintiff's behalf, may be considered by the trial court and counsel, and if well taken, such errors in instructing the jury may be eliminated upon a retrial. And any error in permitting a witness to state

an opinion or conclusion as to the point of impact of the colliding vehicles also may be avoided upon retrial.

The judgment for plaintiff should be reversed, and the cause remanded.

It is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.