Marie **BAUMAN** (Plaintiff), Respondent,

v.

William **CONRAD** (Defendant), Appellant.

No. 30489.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1961.

Cleo V. Barnhart and Barnhart & Sommers, St. Louis, for appellant.

Jerome T. Bollato and William L. Mason, Jr., St. Louis, for respondent.

RUDDY, Judge.

Plaintiff brought this action to recover damages for personal injuries alleged to have been sustained by her as the result of a collision at the intersection of Compton Avenue and Rutger Street in the City of St. Louis between an automobile in which she was a passenger and an automobile being driven by Wanda Svaglic. Plaintiff joined as defendants the drivers of both automobiles and recovered judgment against both defendants in the sum of $7,500. Defendant William Conrad, driver of the automobile in which plaintiff was a passenger, appeals.

On the evening of May 17, 1958, plaintiff and her date, Mr. Artale, and defendant William Conrad and his wife attended a dance in North St. Louis in a car driven by Conrad. The dance ended about 2 A.M. on May 18, 1958, and after obtaining some refreshments the two couples proceeded in Conrad's car to South St. Louis, where apparently all members of the party resided. Defendant Conrad and his wife were seated in the front seat and plaintiff was seated about the center of the rear seat with Mr. Artale sitting immediately to her right. In the course of the route from North to South St. Louis, defendant Conrad drove his car southwardly on Compton Avenue and when his car reached the intersection of Rutger Street the front end of a car operated in an eastwardly direction by Wanda Svaglic collided with the right side of the car driven by Conrad. Compton Avenue was a through street and there were no stop signs at Rutger Street for southbound traffic on Compton Avenue. There were stop signs at Compton Avenue for eastbound traffic on Rutger Street.

The only witness in the trial court to testify to the circumstances of the collision was plaintiff. She said that she saw the car driven by Wanda Svaglic "about a second or two" before the collision. Sever-

al other places in her testimony plaintiff said that she saw the other car "just one second before it struck." She also said the other car was between one and two feet from the car in which she was riding when she first saw it.

Plaintiff further testified that before the car got up to Rutger Street she could not see (apparently to the west) because Mr. Artale was sitting to her right and "blocked the view." She said she could not see "until I was in the middle of the street." She saw no other cars on either Rutger or Compton and, as previously stated, she again testified that she saw the other car "just one second before it struck." When asked if she saw any light from the headlights of a car coming east on Rutger Street she said that because of her position in the back seat she could not see.

The car in which she was riding was in the center of Compton and Rutger when she first saw the other car. Just prior to seeing the other car plaintiff had been looking forward and then turned her head to her right intending to say something to Mr. Artale. She said Mr. Artale then turned toward her and that she started to talk to him. We give her own words as to what happened thereafter. She said "and all of a sudden I seen the car, it was just about this far away, and then I hollered, I says, 'Oh,' I says, 'we are going to crash' and when I said that Bill (Conrad) then turned around * * * and tried working the steering wheel, I guess, * * * to keep the car from turning over * * * I think he was working the front wheel to clear the car or pass it, * * *."

Plaintiff was asked what the speed of the Conrad car was "at the time of the accident" and she answered, "I would say about thirty-five miles an hour, * * *."

Plaintiff further testified that Conrad's car was hit with such force as to cause her and Mr. Artale to be thrown to the floor of the car. She further said that the impact was "pretty hard"; that it was "so hard that it threw Mr. Artale clear across the

back seat against" her. The glass in the right rear window was broken and was thrown across the car into the face of plaintiff. She said that Conrad "was trying to turn the car" and this caused her to be thrown "to the other side" of the car. In addition to other injuries, plaintiff received severe facial injuries which required plastic surgery.

Plaintiff further testified that Conrad "was facing forward" and when she said "we are going to crash" he turned his head to the right. There was nothing in plaintiff's testimony to show what part of the right side of Conrad's car was hit by the front end of the car driven by Wanda Svaglic.

Plaintiff introduced, had admitted in evidence, and read to the jury an ordinance of the City of St. Louis, the pertinent parts of which read as follows: "No person shall drive a motor vehicle or street car on any street or roadway in the City at any time at a rate of speed in excess of thirty miles an hour, * * *."

Plaintiff concluded her case by reading to the jury a question propounded to William Conrad, when his deposition was taken, and read his answer thereto. The question was, "And what called your attention to this vehicle, when you first saw it?" and said defendant answered, "Marie Bauman hollered, 'Oh, my God, she is going to hit us.'"

The negligence submitted to the jury for their finding was "excessive speed under the circumstances" if the jury found that William Conrad was traveling at the rate of speed of 35 miles per hour.

■ Defendant, William Conrad, concedes that driving an automobile at a speed of 35 miles per hour is prima facie proof of excessive speed, said speed being in excess of the permissible speed under the ordinance. However, said defendant contends there was no substantial evidence that the excessive speed shown by the evidence was a direct and proximate cause of plaintiff's

injuries. We think said defendant's contention is valid and must be sustained.

Plaintiff's evidence as to the speed of 35 miles per hour was confined to the precise time of the accident, the time the collision took place. There is not one particle of evidence in the record to show how fast William Conrad was going immediately before or at any time prior to the time of the accident, except that which showed that for a second or two prior to the collision, or in an area of one or two feet from the point of impact Conrad's car was traveling 35 miles per hour. No evidence was introduced to show the speed of the car driven by Wanda Svaglic and no evidence was adduced to show the relative positions of the cars at any time before the collision. Whether or not the headlights were lit on the car driven by Wanda Svaglic is a matter of conjecture and speculation. No evidence was produced as to the width of the two streets or the location of buildings, if any, on the various corners of the intersection, especially the northwest corner of said intersection. Whether or not Wanda Svaglic made a stop, in compliance with the stop sign that confronted her at Compton Avenue as she proceeded eastwardly on Rutger Street, was not shown. Plaintiff's testimony gives rise to a reasonable inference that she did not stop when we consider the force of the impact as testified to by plaintiff. Plaintiff's evidence showed that defendant William Conrad was not required to stop at the intersection. There was no evidence as to the rate of speed at which Wanda Svaglic was driving her car, but, as we have pointed out, the force and result of the impact upon plaintiff's car indicates she made no stop at the stop sign.

The only evidence of negligence based on excessive speed was the testimony of plaintiff that defendant, William Conrad, "at the time of the accident" was operating the car, in which plaintiff was a passenger, at a rate of 35 miles per hour.

■ It is an axiom of the law that a person may be negligent in the operation of his automobile and as a result of such negligence injure someone, yet no liability attaches, unless it appears that such negligence directly contributed to the accident causing the injuries. There must be a causal connection shown between the negligence and the accident causing the injuries. The mere fact that the negligence precedes in point of time the accident causing the injury does not of itself establish the causal connection. Cech v. Mallinckrodt Chemical Co., 323 Mo. 601, 20 S.W.2d 509; Morris v. Seitrich, Mo.App., 118 S.W.2d 46; Brimer v. Davis, 211 Mo.App. 47, 245 S.W. 404; 65 C.J.S. Negligence § 106, p. 655. The proof must show that had the negligence not occurred, the accident and plaintiff's injuries would not have occurred.

■ The rule that no liability attaches unless it appears that the negligence directly contributed to the accident causing the injuries is applicable where the negligence charged and proved is a violation of a statute or ordinance, and this is true even though the violation constitutes negligence per se or is prima facie evidence of negligence. Larsen v. Webb, 332 Mo. 370, 58 S.W.2d 967, 90 A.L.R. 67; Winkler v. United Rys. Co. of St. Louis, Mo.App., 229 S.W. 229; Schmidt v. St. Louis Transit Co., 140 Mo.App. 182, 120 S.W. 96.

The mere fact that an ordinance has been violated is not sufficient basis for an inference that such violation was the proximate cause of plaintiff's injuries.

■ From what we have said it is evident that it is not sufficient for plaintiff to merely prove that William Conrad was negligent in the operation of his automobile, but she must also produce evidence from which the jury may find, or reasonably infer, that the negligence proved was a direct and proximate cause of the accident and injuries and absent which the accident causing the injuries would not have occurred. Plaintiff has the burden of showing with reasonable certainty that the negligent act of the defendant, William

Conrad, was the proximate cause of her injuries. Rockwell v. Standard Stamping Co., 210 Mo.App. 168, 241 S.W. 979, loc. cit. 982.

■ The fact that defendant, William Conrad, was operating his automobile at the time of the accident at a rate of speed in excess of that permitted under the ordinance raises no presumption that the accident causing the injury was caused by excessive speed. It must appear that the accident and the resultant injuries would not have occurred had the automobile been running at the permitted speed. Larsen v. Webb, supra; Brimer v. Davis, supra; Callanan v. United Rys. Co. of St. Louis, Mo.App., 232 S.W. 213; Ziegler v. United Rys. Co. of St. Louis, Mo.App., 220 S.W. 1016; Hoagland v. Dunham, Mo.App., 186 S.W. 1145; Schmidt v. St. Louis Transit Co., supra.

In other words, excessive speed is not the proximate cause unless it prevents the operator of the vehicle traveling at said excessive speed from avoiding the accident. It must be shown, as we have said, that the accident would not have occurred except for the excessive speed shown by the evidence.

Applying what we have said to the meager facts of this case, we find that the only evidence of excessive speed is the testimony of plaintiff that "at the time of the accident" William Conrad was operating his car at a speed of 35 miles per hour. We cannot infer, nor could the jury, that William Conrad was driving at 35 miles per hour at any other time except at the time of the accident and perhaps one to two seconds before the collision took place. For the jury to find that Conrad was driving 35 miles per hour at any time prior thereto would be mere conjecture and speculation and would have no foundation in fact. Therefore, limiting our factual consideration to a speed of 35 miles per hour for a period of not more than two seconds before the collision took place, could the collision have been avoided had

Conrad been driving 30 miles per hour during those two seconds?

■ Had Conrad been driving 30 miles per hour during the two seconds prior to the collision, his car would have been approximately 15 feet north of the point of impact. There was no evidence as to the length of either car involved in the collision. We may not take judicial notice of the length of the cars involved in the collision. We can only notice that the length of the cars involved did not exceed 20 feet. Nored v. St. Louis Public Service Co., Mo., 319 S.W.2d 608, 610. As we have pointed out, the evidence does not show what part of the right side of Conrad's car was struck. The impact could have taken place at the rear, center or front of said car. However, just where it was struck must be left to speculation and conjecture. Obviously, if the impact took place at the front of the right side of Conrad's car, the reduced speed of his car may have offered greater opportunity of avoiding the collision by swerving to the right. If the impact took place at the center or rear of the right side of Conrad's car, the reduced speed for the two seconds would have caused the impact to take place at the right front of his car or the front of Conrad's car would have collided with the left side of Wanda Svaglic's car. The failure of plaintiff to show the speed of Conrad's car prior to the two seconds before the collision, the speed of the other car, and the failure to show the length of the two cars involved in the collision, and just where on the right side Conrad's car was struck, leaves the issue of the proximate cause of plaintiff's injuries to speculation and conjecture. In other words, the evidence shows that even though Conrad's car had been traveling 30 miles per hour during the two seconds before the collision, it could not reasonably be found by the jury that the collision would not have occurred.

■ The issue of proximate cause is not for the jury where the evidence con-

necting the injury with the alleged negligence amounts to mere speculation or conjecture. Rockwell v. Standard Stamping Co., supra; Blythe v. United Rys. Co. of St. Louis, Mo.App., 211 S.W. 695; 65 C.J. S. Negligence § 265, p. 1195. That issue is for the court where it appears that the negligence complained of was not the proximate cause of the injury, or where no causal relation between the negligence of defendant and plaintiff's injuries can reasonably be found. Zeis v. United Rys. Co. of St. Louis, Mo.App., 217 S.W. 324; 65 C.J.S. Negligence § 265, p. 1197.

We find no evidence in the record of this case which would justify any reasonable inference that the negligence of Conrad in driving his car at a rate of speed of 35 miles per hour at the time of the accident or two seconds prior thereto constituted the proximate cause of plaintiff's injuries.

Plaintiff contends that she made a case on the issue of defendant's negligent speed as a proximate cause of plaintiff's injury because, as she states, it is common knowledge that modern passenger cars are mobile and capable of action evasive of danger in a fraction of a second, citing Goggin v. Schoening, Mo.App., 199 S.W.2d 87, 94. The statement and rule stated in the Goggin case can afford no help to plaintiff for several reasons. Plaintiff's own evidence shows that Conrad took immediate action to avoid the collision. She testified that Conrad was "working the steering wheel * * * was working the front wheel to clear the car or pass it." She also testified that Conrad "was trying to turn the car" and that this caused her to be thrown to the other side of the car. Plaintiff does not point out any other evasive action that could have been taken by Conrad to avoid the collision, other than turning and swerving, and none occurs to us.

Another reason the Goggin case is inapplicable is that the facts in that case show that the negligent speed of the appealing defendant took place for a considerable distance prior to the collision. We have read and studied practically all of the decided cases in this state involving excessive speed as the proximate cause of injuries to persons and have found that in the cases where the courts have held that the issue of proximate cause of plaintiff's injuries resulting from alleged operation of a car at an excessive rate of speed was for the jury, that the evidence showed the excessive speed took place for a much longer period of time and for a much greater distance prior to the collision than is shown by the evidence in this case. No useful purpose would be served in showing the factual differences in the cases. We agree with the statement in the case of Battles et al. v. United Rys. Co. of St. Louis, 178 Mo.App. 596, 161 S.W. 614, loc. cit. 624, "Each case must necessarily rest largely upon its own facts."

■ Adverting again to plaintiff's reliance on the Goggin case, supra, it should be pointed out that a mere possibility of avoiding a collision is not sufficient to make a submissible case. Shaw v. Griffith, Mo. App., 291 S.W.2d 230, loc. cit. 235. Plaintiff concedes that the evidence does not show to a mathematical certainty that the two automobiles would not have collided had Conrad been driving at a rate of speed of 30 miles per hour. We agree that such a standard of proof is not required. However, as we have pointed out, it is the burden of plaintiff to adduce sufficient evidence from which the jury may find or reasonably infer that had Conrad been driving 30 miles per hour, the collision would not have taken place. Plaintiff's evidence falls short of this proof.

■ The judgment of the trial court must be reversed. However, the record in this case clearly shows that the facts have not been fully developed and that plaintiff may be able to supply additional facts that may permit recovery. For this reason the cause should be remanded for a new trial. Martin v. Hays, Mo., 228 S.W. 741; Ritzheimer v. Marshall, Mo.

App., 168 S.W.2d 159; State ex rel. Ratliff v. Morant, Mo.App., 271 S.W.2d 230.

Another reason appears why this cause should be remanded. We comment on the error in order to avoid a repetition of said error in the next trial.

The trial court in its instruction on the measure of damages included the following:

"6. The reasonable value of all necessary expense, if any, on account of hospitalization, and medical and surgical attention, which you believe from the evidence plaintiff has necessarily paid or incurred as a direct result of her injuries so received, if any."

 The evidence in this case disclosed that plaintiff was a patient in the Firmin Desloge Hospital for a period of eight days. However, there is not a scintilla of evidence in the record showing what, if any, amount plaintiff paid on account of her hospitalization. Nor is there any evidence of the reasonable value of said hospitalization. This is an item of special damage and to be allowed must be supported by evidence of the reasonable value of the hospitalization costs. Vogelgesang v. Waelder et al., Mo.App., 238 S.W.2d 849.

The final contention urged by defendant, William Conrad, is that the trial court erred in submitting plaintiff's case to the jury against defendant, Wanda Svaglic, without any verdict directing instructions to guide the jury in determining the question of liability of said defendant. This contention is now moot and need not be discussed. This is so, because the liability of Wanda Svaglic is determined and now fixed. In the retrial of the cause Wanda Svaglic's liability will not be an issue.

 As shown heretofore, defendant, Wanda Svaglic, did not appeal from the judgment rendered against her. There must be one final judgment in this cause which necessarily must be for the same amount against all defendants held liable. Yarrington v. Lininger, Mo., 327 S.W.2d 104; Rosenkoetter v. Fleer, Mo., 155 S.W.2d 157; Polkowski v. St. Louis Public Service Co., 229 Mo.App. 24, 68 S.W.2d 884.

The judgment herein is reversed and the cause remanded with directions, (1) to hold in abeyance the verdict as to liability of Wanda Svaglic, (2) for a new trial on the question of liability as to defendant, William Conrad, and (3) for a new trial on the amount of damages as to all defendants.

ANDERSON, P. J., and WOLFE, J., concur.