Jeanne MILLER, Plaintiff-Appellant,

v.

Paul FINK, Defendant-Respondent.

No. 31691.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1965.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 12, 1965.

Robert A. McIlrath, Flat River, W. T. McGhee, Brentwood, for plaintiff-appellant.

Roberts & Roberts, Farmington, Dearing, Richeson, Weier & Roberts, J. Richard Roberts, Hillsboro, for defendant-respondent.

SAMUEL E. SEMPLE, Special Judge.

This is an action for $15,000 damages for personal injuries sustained by plaintiff Jeanne Miller as a result of a collision of an automobile being driven by defendant, Paul Fink and a pick-up truck being driven by plaintiff at a street intersection in Farmington, Missouri on June 20, 1961. The trial resulted in a verdict for the defendant and plaintiff has perfected an appeal to this Court charging error in the giving of defendant's contributory negligence Instruction No. 4.

The collision giving rise to this action occurred at the intersection of Seventh Street and Taylor Avenue in Farmington. Seventh Street runs east and west and Taylor Avenue runs north and south. There were no stop signs on either street at the intersection. Plaintiff was driving a pick-up truck with her two small children and her 14-year-old brother as passengers east on Seventh Street. Defendant was driving his automobile South on Taylor Avenue and a third vehicle driven by Joan Jenkins, with her three children and Carol McCullough as passengers, was proceeding west on Seventh Street.

Those who testified to the pertinent facts surrounding the collision were plaintiff; her 14-year-old brother, J. D. O'Sullivan riding as a passenger in the pick-up truck driven by plaintiff; the defendant; and Carol McCullough, a passenger in an automobile driven by Joan Jenkins headed west on Seventh Street.

Plaintiff testified that shortly before the collision she left a market on Perrine Street and drove North to the intersection of Perrine Street and Seventh Street and turned east on Seventh Street. That as she turned on to Seventh Street, she saw defendant's automobile which was stopped facing South on Taylor Avenue on the North side of the intersection. She also saw the vehicle of Joan Jenkins which was stopped on Seventh Street facing the west just east of the Taylor Avenue intersection. That it was about five hundred feet from Perrine Street to Taylor Avenue along Seventh Street and that her view of the intersection was clear and unobstructed. That she drove east along Seventh Street toward the intersection at a speed of 15 to 20 miles per hour and as she neared the intersection, she slowed her speed, shifted gears and started across the intersection at less than 10 miles per hour. When she got out into the intersection, the left rear side of her truck was struck, but she never saw defendant's automobile start up from its stopped position and come into the intersection.

Plaintiff's witness, J. D. O'Sullivan, her 14-year-old brother, testified that he was riding with plaintiff on the right side of the seat and that after they turned onto Seventh Street heading east and got about half way up the block, he saw the defendant's car stopped at the corner heading south on Taylor Avenue and the Jenkins car headed west on Seventh just east of Taylor Avenue. That his sister was driving at a speed of about 15 to 20 miles per hour along Seventh Street and just as she got to the intersection, she slowed down to change gears and then started on across the intersection at about 5 or 6 miles per hour or less. Just as the front end of the truck crossed the intersection, they were hit.

Defendant's witness, Carol McCullough, testified that she was a passenger in an

automobile driven by Joan Jenkins which was headed west on Seventh Street and stopped on the east side of the Taylor Avenue intersection. That she saw plaintiff's truck coming east on Seventh traveling at a speed of more than 15 miles per hour and that it did not slow down before the collision. That she saw defendant's car coming south on Taylor and it did not stop for the intersection.

Defendant testified that he was driving south an Taylor and as he neared the intersection, he saw the Jenkins car approaching from his left on Seventh and brought his car to a stop. He then looked to his right and did not see anything and when he looked back to his left, he saw the Jenkins car had stopped, so he started to cross the intersection and plaintiff's truck shot in front of him and the collision occurred. That after he started up, he only traveled about 10 to 15 feet when the collision occurred.

■ Plaintiff charges error in the giving of Instruction No. 4 in two respects, (1) because there was no evidence to support the instruction and (2) the instruction is not the law and is a misdirection. The only objections made to the trial court were the usual general objections to all of the defendant's instructions made at the time the instructions were given by the Court and in the plaintiff's Motion for New Trial that there "was no evidence to support the instruction on contributory negligence as given in Instruction No. 4" and that "the verdict directing instruction of the defendant is not the law and is a misdirection." There is a serious doubt that these general objections to Instruction No. 4 are specific enough to support the points raised for appellate review under Civil Rules 70.02 and 79.03, V.A.M.R. However, as the plaintiff now contends (1) that there was no evidence of proximate cause between the hypothesized facts submitted to constitute negligence and the collision of the vehicles resulting in plaintiff's injury and (2) that the instruction erroneously directs a finding of negligence by the jury

on the facts hypothesized in the instruction, the contentions of plaintiff will be reviewed. Meyer v. Beck, Mo.App., 368 S.W.2d 905, 907 and Civil Rule 79.04 V.A.M.R.

■ Plaintiff says in effect that Instruction No. 4 was erroneous in submitting contributory negligence on the theory of excessive speed under the circumstances because there is no evidence to show that excessive speed was the direct and proximate cause of the collision and resultant injury to plaintiff. Plaintiff states there is no evidence whatever to show that if plaintiff had entered the intersection at a slower speed that the collision could have been avoided and cites the case of Copher v. Barbee, Mo.App., 361 S.W.2d 137, 148, which sets out the general test of causal connection between negligence and injury. To be more specific, it should be noted that the courts of this state have held that excessive speed is not the proximate cause unless it prevents the operator of the vehicle traveling at the excessive speed from avoiding the accident. It must be shown therefore that the collision and resulting injuries would not have occurred except for the excessive speed shown by the evidence. Watt v. St. Louis Public Service Co., Mo., 354 S.W.2d 889, 891; Bauman v. Conrad, Mo.App., 342 S.W.2d 284, 288.

Plaintiff argues that there was no evidence showing the location of plaintiff's truck when defendant started into the intersection, making it impossible to determine whether or not the speed plaintiff was traveling hindered her in discovering defendant moving into the intersection or prevented her from avoiding the collision in some manner thus leaving the issue of proximate cause of plaintiff's injury to guesswork, speculation and conjecture.

■ "What is a proximate cause is ordinarily a jury question." Watt v. St. Louis Public Service Co., supra. "Causal connection, it is true, must be proved by the evidence, as a fact, and not be left to mere speculation and conjecture. The rule, how-

ever, does not require that there must be direct proof of the fact itself. This would often be impossible. It is sufficient if the facts proved are of such a nature and are so connected and related to each other, that the conclusion therefrom may be fairly inferred." Watt v. St. Louis Public Service Co., (354 S.W.2d 1. c. 891) supra; Pentecost v. St. Louis Merchants' Bridge Terminal R.R. Co., 334 Mo. 572, 66 S.W.2d 533, 536 and cases cited.

In this case there was evidence that there were no stop signs at the intersection, that Seventh Street was approximately 20 feet wide, that plaintiff was driving at a speed in excess of 15 miles per hour for a considerable distance as she approached the intersection and that she did not slow down on entering the intersection or before the collision, that she had a clear view as she approached the intersection and saw defendant's car on the north side of the intersection when she first turned onto Seventh Street, but she did not see defendant start up and come into the intersection.

■ It is concluded that the jury reasonably could have found that under the evidence as to the speed plaintiff's truck was being driven as it approached and entered the intersection, the location of defendant's automobile at the intersection, the width of Seventh Street and the visibility at the intersection, which they reasonably could have believed, an alert driver would have had the ability to avoid the collision if the pick-up truck had been operated at a slower speed. Therefore it is held that there was evidence to support the issue of proximate cause submitted in Instruction No. 4 and that said instruction is not erroneous on that ground.

■ Plaintiff also complains that there was no evidence to support the hypothesized finding in the instruction that plaintiff approached the intersection at a speed in excess of 15 miles per hour and entered said intersection without reducing her speed. This contention is without merit as

defendant's witness Carol McCullough testified that she observed plaintiff's vehicle coming east toward the intersection at a speed of more than 15 miles per hour and that she did not see it slow down.

Plaintiff also complains that Instruction No. 4 is not the law and is a misdirection in that the jury is directed to find the plaintiff negligent as a matter of law rather than submitting the question of negligence to the jury for determination. The instruction reads as follows:

"The Court instructs the jury that if you find and believe from the evidence that on or about the 20th day of June, 1961, plaintiff was driving a vehicle in an easterly direction on Seventh Street and was approaching the intersection of Taylor Street and Seventh Street in Farmington, Missouri, if you so find; and

"If you further find that at said time and place defendant was driving a vehicle in a southerly direction on Taylor Street and approaching said intersection, if you so find; and

"If you further find that as plaintiff was approaching said intersection she was driving at a rate of speed in excess of 15 miles per hour and that she entered said intersection without reducing her speed, if you so find; and

"If you further find that such speed under the circumstances above set forth was excessive and dangerous, if you so find;

"Then you are instructed that plaintiff was guilty of negligence and if you further find that said negligence, if any, caused or contributed to·cause the collision mentioned in the evidence and plaintiff's injuries, if any, then your verdict shall be in favor of defendant and against the plaintiff and this is true even if you may find that the defendant was also guilty of negligence under other instructions herein."

Defendant in his brief "acknowledges that the instruction does not require the jury to make a finding of a violation of the highest degree of care" constituting "negligence on the part of plaintiff." However, defendant argues that because the jury was required to find that plaintiff was driving at a rate of speed which is excessive and dangerous under the circumstances is negligent as a matter of law. Defendant cites the cases of Clark v. Dubbs, Mo.App., 360 S.W.2d 288, 291 and Benzel v. Anishanzlin, Mo.App., 297 S.W. 180. Neither of these cases support defendant's contention that the facts hypothesized in Instruction No. 4 warranted a positive direction as a matter of law that plaintiff was negligent. Both of the cases cited involved hypothesized facts which were in violation of a statute or ordinance and were considered negligence per se. These cases held that no finding by the jury that the acts were negligently done was required.

■■■ " 'Negligence does not become a question of law alone, unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing them so.' * * * Accordingly, an instruction should ordinarily submit to the jury the pleaded acts, as shown by the evidence, for the jury to determine whether or not the commission of such acts was negligence." Swain v. Anders, 349 Mo. 963, 163 S.W.2d 1045, 1051, 1052, and cases therein cited. Therefore, unless the facts hypothesized as a matter of law constitute negligence and there is no room for conflicting inferences the jury should be required to determine whether such facts constitute negligence. Swain v. Anders, supra. It has even been recognized by the courts that there is a difference in the nature of the duties imposed by various rules of the road. Some impose absolute duties, unmixed with the exercise of judgment. Others require exercise of judgment, and in certain circumstances, deviation from a statutory standard will not be considered as negligence per se and it would be error to instruct on negligence as a matter of law.

Lincoln v. Railway Express Agency, Inc., Mo., 359 S.W.2d 759, 765 and cases therein cited.

■■■ In this case the instruction does not involve a violation of an ordinance or statute controlling vehicular speed, however, the instruction does positively direct the jury that the facts hypothesized therein were negligent as a matter of law. The instruction removed from the jury's consideration the question of whether plaintiff was exercising the highest degree of care under the circumstances. It cannot be said that the question of whether excessive speed under the circumstances as hypothesized in Instruction No. 4 was a violation of plaintiff's duty to exercise the highest degree of care leaving no room for conflicting inferences or to show that plaintiff was guilty of contributory negligence as a matter of law, and that all men could draw no other inferences. Here there was evidence that plaintiff drove into the intersection before the defendant, and to support this evidence all of the testimony showed that defendant's automobile struck the left side of plaintiff's vehicle. There was evidence that defendant was stopped at the north edge of the intersection as plaintiff approached. There was also evidence that Seventh Street was approximately twenty feet wide. The jury could have inferred from the evidence that defendant suddenly started up from his stopped position as plaintiff entered the intersection and traveled a very short distance to bring his vehicle into a collision with plaintiff's truck. In the light of these possible inferences of a sudden and unusual circumstance it could reasonably be concluded that plaintiff was not negligent under the circumstances hypothesized in Instruction No. 4. The requirements as to the standard of care required of a driver of a vehicle must be given a reasonable construction and be reasonably applied to unusual or emergency circumstances. Willhite v. City of St. Louis, 359 Mo. 933, 224 S.W.2d 956, 958. The instruction took from the jury its exclusive function of determining the question of neg-

ligence. In so instructing the jury, the Court prejudiced the rights of plaintiff and was therefore prejudicially erroneous. Karch v. Stewart, Mo., 315 S.W.2d 131, 137.

Therefore, because of the error in giving Instruction No. 4, the judgment is reversed and the cause remanded for a new trial.

RUDDY, P. J., and WOLFE, J., concur.